PETER B. MORRISON (State Bar No. 230148)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

EDWARD M. CRANE (*pro hac vice* to be filed)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, Illinois 60614
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

Attorneys for Defendant
Anheuser-Busch, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SHEILA CRUZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>Defendant. | Case No. 2:14-cv-9670<br><br>NOTICE OF REMOVAL BY DEFENDANT ANHEUSER-BUSCH, LLC PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant Anheuser-Busch, LLC ("A-B"), by its undersigned counsel, hereby removes this action, currently pending in the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. Removal is based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and is authorized by 28 U.S.C. §§ 1441, 1446, and 1453. As grounds for removal, A-B states the following:

1

## BACKGROUND

1. Plaintiffs filed this putative class action purporting to allege that the labeling and packaging of A-B's Rita Products[1] deceive consumers into believing that the products have less calories and carbohydrates than they actually contain. (*See* Am. Compl. ¶¶ 1-11.)

2. Plaintiffs purport to allege that they purchased one or more of these products relying on the representations contained on the labeling/packaging and believing that the products had less calories or carbohydrates than they actually contain. (*Id.* ¶¶ 1-3.) Plaintiffs further allege that they would not have purchased these products had they known the true caloric and carbohydrate content. (*Id.* ¶¶ 79, 86, 121.)

3. Based on these allegations, Plaintiffs assert claims against A-B for breach of express warranty and alleged violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"). (*Id.* ¶¶ 69-129.)

4. Plaintiffs purport to bring their claim for an alleged breach of express warranty on behalf of a nationwide class consisting of all consumers who purchased any of the Rita Products in the United States since 2012 (when the first Rita Products were introduced into the market). (*Id.* ¶ 58, 125-129.)

---

[1] As used herein, "Rita Products" refers to the following six products referenced in Plaintiffs' Amended Complaint: Bud Light Lime Lime-A-Rita, Bud Light Lime Straw-Ber-Rita, Bud Light Lime Mang-O-Rita, Bud Light Lime Raz-Ber-Rita, Bud Light Lime Apple-Ahhh-Rita, and Bud Light Lime Cran-Brr-Rita. (*See* Am. Compl. ¶ 2.)

5. Plaintiffs purport to bring their CLRA, FAL, and UCL claims on behalf of all consumers who purchased any of the Rita Products in California over the same time period. (*Id.* ¶¶ 59, 69-124.)

6. Among other forms of relief, Plaintiffs seek an injunction requiring A-B to change its labeling/packaging and damages in the form of refunds for the full purchase price of all Rita Products sold in the United States since 2012. (*Id.* ¶ 129; *see also id.* ¶¶ 80, 89.)

## JURISDICTION

7. CAFA authorizes removal to federal court of state court putative class actions in which (1) the proposed class is comprised of 100 or more members, (2) there is minimal diversity between the parties in that at least one member of the proposed class is a citizen of a different state than that of any defendant, (3) the plaintiffs' claims involve common questions of law or fact, and (4) the aggregate amount in controversy for the class claims exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5).

8. The action being removed herein satisfies all four of these criteria. Indeed, the first three criteria are expressly alleged in Plaintiffs' Amended Complaint. Plaintiffs allege that "the Class is comprised of hundreds of thousands of members" (Am. Compl. ¶ 63), an amount in excess of the 100 member threshold under CAFA. Diversity is satisfied because Plaintiffs allege citizenship in California and A-B is a citizen of Missouri—the state in which it is organized and where its principal place of business is located. (*See id.* ¶¶ 13-16; *see also* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). The commonality requirement is satisfied (for these removal purposes) by the allegations in paragraph sixty five of Plaintiffs'

Amended Complaint. (Am. Compl. ¶ 65 ("Common questions of law and fact are substantially similar and exist for all class members.").)

9. The sole remaining requirement for CAFA jurisdiction is an aggregated amount in controversy in excess of $5 million. Plaintiffs do not specifically identify the total amount in controversy in their Amended Complaint, but it is clear that this requirement is satisfied here.

10. In determining whether this requirement is met, "the ultimate inquiry is what amount is put 'in controversy' by plaintiff's complaint, not what a defendant will actually owe." *See Manier v. Medtech Prods., Inc.*, No. 14-CV-09-GPC (NLS), 2014 WL 1609655, at *2 (S.D. Cal. Apr. 22, 2014) (citation omitted). "The amount in controversy is merely an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Abreu v. Slide, Inc.*, No. 12-CV-00412 WHA, 2012 WL 1123367, at *2 (N.D. Cal. Apr. 3, 2012) (citing *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

11. The court adjudicating removal may determine the amount in controversy from the face of the complaint, from the face of defendant's notice of removal, or by considering any other evidence submitted by the parties. *See Atias v. Platinum HR Mgmt., LLC*, No. 14-CV-01877 MMM (FFMx), 2014 WL 3536557, at *9 (C.D. Cal. July 16, 2014); *see also Dart Cherokee Basin Operating Co. v. Owens*, No. 13-719, 134 S. Ct. 1788, 2014 WL 7010692, at *5 (Dec. 15, 2014) (holding that evidentiary submissions are not required for a notice of removal and that courts should accept the defendant's uncontroverted assertions in support of removal).

12. Here, CAFA's amount in controversy requirement is satisfied based on the type of damages Plaintiffs seek and the amount of potential sales at issues. In fact, this requirement is satisfied based on the face of Plaintiffs' Amended Complaint. As

noted above, Plaintiffs are seeking, among other things, damages equal to the aggregate purchase price for all Rita Products sold in the United States since 2012. (*See* Am. Compl. ¶ 129 ("As a result of Defendant's breach of its contract, Plaintiffs and the Class have been damaged in the amount of the purchase price of any and all of the Bud Light Lime 'Rita Products they purchased.").) Plaintiffs further allege that the nationwide sales of the Rita Products "were approximately $313 million in 2012 and $462 million in 2013." (*Id.* ¶ 27.) These allegations presumptively establish that the amount in controversy in this case exceeds $5 million. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, [the amount in controversy] requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount.").

13. Moreover, removal would be proper here even if the Court were to conclude that the $5 million amount in controversy requirement is not established from the face of Plaintiffs' Amended Complaint. As the United States Supreme Court recently held, a defendant's contention in a notice of removal that the amount in controversy requirement is satisfied is entitled to the same deference as a plaintiff's allegation in a complaint. In other words, "when a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 2014 WL 7010692, at *5. No evidentiary submissions are required at this stage, and "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at *6.

14. The damages sought in this case and A-B's sales data for Rita Products sold in the United States since 2012 establish that CAFA's amount in controversy

requirement is met. A-B's aggregate gross revenue for sales of the Rita Products in the United States since 2012 is in excess of $900 million. Over that same time period, A-B's aggregate gross revenue for sales of the Rita Products in California alone is in excess of $70 million. Based on these numbers, it is more than plausible that the amount in controversy here is in excess of $5 million. *See Dart Cherokee*, 2014 WL 7010692, at *5 (the court should accept the defendant's unrebutted assertion that the amount in controversy requirement is met); *see also Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181-82 (9th Cir. 2013) (reversing district court's remand order and finding that unrebutted declaration showing that sales at issue in allegedly deceptive consumer product marketing case were in excess of $5 million was sufficient to satisfy CAFA's amount in controversy requirement); *Abreu*, 2012 WL 1123367, at *2 (stating that "[o]ur court of appeals has held that an affidavit showing the amount in dispute meets or exceeds five million dollars is sufficient to satisfy a defendant's evidentiary burden").

15. Plaintiffs cannot avoid removal of this matter simply by refusing to identify the total amount of damages they seek. The Supreme Court rejected a plaintiff's similar attempt to avoid CAFA removal by stipulating that the amount in controversy did not exceed the jurisdictional requirement. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). According to the Supreme Court, "[t]o hold otherwise would, for CAFA jurisdictional purposes, . . . exalt form over substance, and run directly counter to CAFA's primary objective: ensuring 'Federal court consideration of interstate cases of national importance.'" *Id.* at 1350 (quoting § 2(b)(2), 119 Stat. 5); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013) (finding that *Standard Fire* prevents plaintiffs in class actions from "plead[ing] to avoid federal jurisdiction").

Notice of Removal by Defendant Anheuser-Busch, LLC

16. Although it is clear that Plaintiffs' request for damages on behalf of the proposed class satisfies the amount in controversy requirement, it is worth noting that Plaintiffs are seeking additional relief in this matter that the Court also could consider in determining the amount at issue. Most notably, Plaintiffs are seeking an injunction requiring A-B to change its labeling/packaging, as well as attorneys' fees. *See*, *e.g.*, *Yeroushalmi v. Blockbuster Inc.*, No. CV 05-225-AHM(RCX), 2005 WL 2083008, at *5 (C.D. Cal. July 11, 2008) (considering expected costs of injunctive relief and attorneys' fees in finding that CAFA's amount in controversy requirement was satisfied).

17. For these reasons, Plaintiffs' Amended Complaint puts an amount in controversy in excess of CAFA's $5 million requirement for removal.

## PROCEDURAL REQUIREMENTS OF REMOVAL

18. This Court is the proper venue as it is part of the "district and division" embracing the place where the action was filed—i.e., Los Angeles County, California. *See* 28 U.S.C. §§ 1441(a), 1446(a), 1453(b); 89(b).

19. A-B was served with the summons and Plaintiffs' initial Complaint on November 21, 2014, and this Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b), which permits a defendant to remove a state court action at any time up to thirty days after service of a copy of the summons and initial pleading. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

20. A-B is the only defendant that has been served in this matter, so it need not obtain the approval of other defendants in order to remove this action.

21. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders in A-B's possession that have been filed in the state court action, as required by 28 U.S.C. § 1446(a).

22. A-B has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice of Removal.

23. A-B will provide written notice to Plaintiffs' counsel of this filing as required by 28 U.S.C. § 1446(d).

24. A copy of this Notice of Removal will be filed with the clerk of the Superior Court of California for the County of Los Angeles, as required under 28 U.S.C. § 1446(d).

25. This Notice of Removal has been signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. 1446(a).

26. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

27. A-B reserves the right to and specifically asserts all applicable defenses to which it may be entitled pursuant to the Federal Rules of Civil Procedure or the underlying substantive state laws at issue.

WHEREFORE, this action should proceed in the United States District Court for the Central District of California, Western Division, as an action properly removed thereto.

DATED: December 18, 2014

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                By:   /s/ Peter B. Morrison
                      Peter B. Morrison
                      Attorney for Defendant
                      Anheuser-Busch, LLC